Filed 6/14/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCOTT B., a Minor, etc., | |
| Plaintiff and Appellant, | G047177 |
| v. | (Super. Ct. No. 30-2011-00502239) |
| BOARD OF TRUSTEES OF ORANGE COUNTY HIGH SCHOOL OF ARTS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge. Affirmed.

Deborah L. Pepaj and Lisa C. Dennis for Plaintiff and Appellant.

Soltman, Levitt, Flaherty & Wattles, John S. Levitt and Brad D. Citron for Defendant and Respondent.

\*          \*          \*

Appellant Scott B. was a student at the Orange County High School of the Arts (OCHSA or the school), a charter school. The school permits the dismissal of a student if the student accumulates 25 demerits. Although Scott exceeded the maximum number of 25 demerits allowed, the school did not dismiss him. However, when Scott exhibited a knife at school and threatened a fellow student, he was suspended and eventually dismissed from OCHSA. Scott had accumulated 52 demerits by the time of the incident with the knife. He appealed his dismissal to the Board of Trustees of OCHSA (the Board). The Board upheld the dismissal. Scott thereafter filed a petition for a writ of administrative mandate in the superior court. (Code of Civ. Proc., § 1094.5; all statutory references are to the Code of Civil Procedure, unless otherwise stated.) The trial court denied the petition, finding dismissal was proper based on Scott's conduct. Scott appeals from the judgment denying his petition for a writ of mandate. Although Scott admits having the knife at school, he contends the Board's decision was an abuse of discretion because the Board did not make findings to support its decision as required by section 1094.5, and the knife did not qualify as a knife under the Education Code. We find section 1094.5 does not apply in this matter in that Scott was not entitled to an evidentiary hearing before he was dismissed from OCHSA, and the Board did not abuse its discretion in affirming his dismissal.[1]

I

FACTS

OCHSA is an authorized charter school located in Santa Ana. It exists under provisions of the Education Code and is operated pursuant to its written charter. Scott, who was diagnosed as having attention deficit/hyperactivity disorder (ADHD) at a very young age, was a student at OCHSA.

---

[1] At oral argument, Scott's counsel conceded Scott's due process rights had not been violated. We therefore do not address the due process issue raised by Scott in briefing.

2

On May 9, 2011, Scott was 14 years old and possessed a knife at school, exhibited the knife in class, and threatened other students. During the same class, Scott called another student in the class a "stupid Asian bitch." When the instructor asked Scott if he had a knife, Scott surrendered the knife to her. Scott admitted to a school official that during the incident he said, "When I turn 21, I'm going to get a gun and shoot you." He said he exhibited the weapon to other students to "shut them up."

After the assistant principal conferred with the principal and the director of student services, the decision was made to suspend Scott for five days and to contact the Santa Ana Police Department. Scott's mother was informed of the suspension that same day. When she went to the school to pick up Scott that day, the assistant principal informed Scott and his mother the matter would be reviewed to determine whether Scott should be dismissed from the school. When the police completed their investigation, Scott was released to his mother. The school sent a letter to Scott's mother that same day, explaining the suspension.

A two and a half-hour manifestation determination review meeting was held on May 16, 2011, and was attended by Scott, his mother, advocates for Scott, Scott's attorney, the OCHSA principal, assistant principal, director of special services, school psychologist, special education coordinator, special education attorney for the Santa Ana Unified School District, and the teacher in whose room the incident occurred. The purpose of the review was to determine whether any of the conduct was a manifestation of Scott's ADHD.[2] School staff found the act of bringing the knife to school was not a manifestation of Scott's ADHD.

That same day, May 16th, the assistant principal sent a letter to Scott's mother, informing her of the decision to dismiss Scott from OCHSA. The letter further notified Scott's mother of the right to appeal the decision, which Scott did.

---

[2] See 29 U.S.C. § 794(a).

Scott's appeal was heard by the Board on May 25, 2011. Scott was represented by his mother and two advocates. He offered evidence on the issue of mitigation and alternatives to expulsion or dismissal, arguing this was his first violation. He admitted having the knife and showing it to another student as a silent threat. According to Scott, he pulled the knife out in response to the student's comment that "Scott always wants attention since he never gets it." Scott stated in his declaration that he felt the student's statement reflected on his disability.

The Board unanimously affirmed the principal's dismissal of Scott from OCHSA. The letter informing Scott of the Board's determination consisted of one sentence: "The Orange County High School of the Arts Board of Trustees in the closed session of the Board Meeting scheduled on May 25, 2011 has voted 5-0 to support the administrative decision to dismiss Scott [B.] from the Orange County High School of the Arts."

Scott then filed a petition for a writ of mandate pursuant to section 1094.5, alleging OCHSA did not comply with its charter. The petition alleged OCHSA's charter, policies, and procedures do not provide for a disciplinary dismissal based on possessing a knife at school, the Board did not provide either a legal or factual basis for its decision, and the weapon did not qualify as a knife under Education Code section 48900, subdivision (b).

The trial court denied the petition. The court found Scott possessed a knife at school, and the school dismissed, rather than expelled, Scott.

II

DISCUSSION

A. *The Knife*

Relying on Education Code section 48915, subdivision (g), Scott contends the item he possessed did not qualify as a knife under the Education Code because the

4

blade was shorter than three and one-half inches.  That contention, however, is without merit.

Our job is to give a statute a "'reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers . . . .'" (*City of Poway v. City of San Diego* (1991) 229 Cal.App.3d 847, 858.)  It is evident the Legislature enacted Education Code section 48915 in an effort to remove a threat to the safety of students and educators posed by a student possessing a dangerous weapon at school.  Subdivision (g) of Education Code section 48915 defines a knife as "any dirk, dagger, *or* other weapon with a fixed, sharpened blade fitted primarily for stabbing, a weapon with a blade fitted primarily for stabbing, a weapon with a blade longer than 3 1/2 inches, a folding knife with a blade that locks into place, *or* a razor with an unguarded blade."  (Italics added.)  The characteristics set forth in Education Code section 48915, subdivision (g) are listed in the alternative.  Moreover, the Legislature's purpose is met by reading subdivision (g) of Education Code section 48915 as setting forth a list of prohibited characteristics, not as requiring a weapon to meet *all* the various descriptions set forth in that subdivision.  In other words, to qualify as a knife under that subdivision, the weapon need not be a dirk *and* a dagger *and* a weapon with a fixed, sharpened blade primarily for stabbing *and* a weapon with a blade fitted primarily for stabbing *and* a weapon with a blade longer than three and one-half inches *and* a folding knife with a blade that locks into place, *and* a razor with an unguarded blade.  Indeed, a fixed blade and a folding knife are contradictions.  (*People v. Hill* (1998) 17 Cal.4th 800, 824.)  If the weapon meets any of the criteria listed in subdivision (g) of section 48915, the weapon qualifies as a knife for purposes of the Education Code.  (See *People v. Rubalcava* (2000) 23 Cal.4th 322, 325, 327, 334 [knife with "blade roughly three inches long" qualified as a dirk or dagger for purposes of former Penal Code section 12020].)  Accordingly, we reject Scott's contention that the item he possessed with an approximate three-inch blade was not a knife for purposes of the Education Code.

5

B. *Section 1094.5 Versus Section 1085*

The Code of Civil Procedure provides for two types of petitions for a writ of mandate. (*Bunnett v. Regents of University of California* (1995) 35 Cal.App.4th 843, 848, citing §§ 1085, 1094.5.) Scott filed a petition for a writ of administrative mandate under section 1094.5, seeking to overturn the decision of the Board affirming his dismissal from OCHSA. The Board, however, contends Scott filed his petition under the wrong section.

Section 1094.5 provides for the issuance of a writ of mandate "[w]here the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." (§ 1094.5, subd. (a).) When section 1094.5 applies, we "must determine both whether substantial evidence supports the administrative agency's findings and whether the findings support the agency's decision." (*Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 514-515.) The *Topanga* court found section 1094.5 requires the agency making the administrative decision to "set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or order." (*Id.* at p. 515.) Thus, the Legislature evidenced its intention that reviewing courts not "speculate as to the administrative agency's basis for decision." (*Ibid.*)

On the other hand, a writ of mandate pursuant to section 1085, "may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person." (§ 1085, subd. (a).) When section 1085 applies, we uphold the administrative decision absent a determination the

6

decision was "arbitrary, capricious, or entirely lacking evidentiary support." (*State Bd. of Chiropractic Examiners v. Superior Court* (2009) 45 Cal.4th 963, 977.) The procedure set forth in section 1085 is used to review adjudicatory decisions when the agency is not required by law to hold an evidentiary hearing. (*American Board of Cosmetic Surgery v. Medical Board of California* (2008) 162 Cal.App.4th 534, 547.)

The determination of the applicable statute in this matter is important because the Board set forth no findings in its decision dismissing Scott from OCHSA. The Board's letter to Scott's mother merely stated the Board voted five to zero in favor of dismissing Scott from the school. If section 1094.5 applies, the Board's decision must be vacated and the matter remanded to the Board for appropriate findings because the lack of any findings renders the decision an abuse of discretion. (*Glendale Memorial Hospital & Health Center v. State Dept. of Mental Health* (2001) 91 Cal.App.4th 129, 132.) If, on the other hand, section 1085 applies, the Board's decision to dismiss Scott must be upheld unless the decision is entirely lacking in evidentiary support, or the decision was arbitrary or capricious. (*State Bd. of Chiropractic Examiners v. Superior Court*, *supra*, 45 Cal.4th at p. 977.)


C. *An Evidentiary Hearing was not Required and no Abuse of Discretion Occurred*

Scott contends the Education Code entitled him to an evidentiary hearing in front of the Board before he could be expelled. He is wrong for at least two reasons. First, the Education Code section he cites does not apply to OCHSA. Second, he was not expelled; he was dismissed.

Education Code section 48918 applies when a student is expelled and dictates that a hearing be held prior to the student's expulsion. (Ed. Code, § 48918, subd. (a).) Subdivision (b)(5) of that section requires the student to be provided with notice of the right to appear at the hearing, to be represented by counsel or a nonattorney advisor, "to inspect and obtain copies of all documents to be used at the hearing, to confront and

7

question all witnesses who testify at the hearing, to question all other evidence presented, and to present oral and documentary evidence on the pupil's behalf, including witnesses."

Education Code section 48918 does not apply to charter schools. Section 47610 of the Education Code exempts charter schools "from the laws governing school districts," with the exception of those Education Code provisions dealing with charter schools (title 2, division 4, part 26.8, chapter 3), and provisions dealing with funding (Ed. Code, § 41365), teachers' retirement (Ed. Code, § 47611), laws establishing minimum age for public school attendance. (Ed. Code, § 47610, subds. (a)-(e).) Although element 10 (J) of OCHSA's charter states "[c]riteria for suspension and expulsion shall be consistent with" six specifically listed Education Code sections, Education Code section 48918 is not one of the listed statutes and OCHSA has never adopted Education Code section 48918.

There is a difference between being expelled and being dismissed. A student who has been expelled must generally serve the term of expulsion before being admitted to another school. (Ed. Code, § 48915.2, subd. (a).)[3] An expulsion results in a delay of the student's legitimate interest in an education. (See *Goss v. Lopez* (1975) 419 U.S. 565, 572-574 [legitimate interest in education requires due process protection]; *Serrano v. Priest* (1976) 18 Cal.3d 728, 766 [education is a fundamental interest].) Additionally, the student who has been expelled for possessing a knife (his guardian or parent) must notify the new school of the expulsion. (Ed. Code, § 48915.1, subd. (b).) Notification affects the student's reputation (*Goss v. Lopez*, *supra*, 419 U.S. at pp. 574-575) and may affect his future relationships with his teachers at the new school as well.

---

[3] "A pupil expelled from school for any of the offenses listed in subdivision (a) or (c) of Section 48915, shall not be permitted to enroll in any other school or school district during the period of expulsion unless it is a county community school pursuant to subdivision (c) of Section 1981, or a juvenile court school, as described in Section 48645.1, or a community day school pursuant to Article 3 (commencing with Section 48660) of Chapter 4 of Part 27." (Ed. Code, § 48915.2, subd. (a).)

Dismissal from a charter school does not implicate these concerns to the same degree as expulsion. Unlike public schools generally, "OCHSA is a school of choice. No student is required to attend." When a student is dismissed from OCHSA, the student is free to immediately enroll in another school without the loss of classroom time. Thus, dismissal from OCHSA need not and should not delay Scott's education. The May 16, 2011 letter informing Scott's mother of his dismissal instructed her to immediately enroll Scott in another school. Scott's transcripts from OCHSA were attached to the letter. The parties have not cited us to any statute requiring a new school be notified of a dismissal from a charter school.

Because Scott was not entitled to an evidentiary hearing on his appeal from his dismissal, section 1094.5 does not apply and the Board was not required to set forth its findings in its decision affirming Scott's dismissal from OCHSA. We therefore apply section 1085 and review the Board's decision to affirm Scott's dismissal to determine whether the Board's decision was "arbitrary, capricious, or entirely lacking evidentiary support." (*State Bd. of Chiropractic Examiners v. Superior Court*, *supra*, 45 Cal.4th at p. 977.) In doing so, we review de novo the court's application of the law to the undisputed facts, while paying deference to the Board's decision to dismiss Scott from school. (*Granowitz v. Redlands Unified School Dist.* (2003) 105 Cal.App.4th 349, 354.)

The dismissal in this matter was justified by Scott's action in bringing the knife to school. Consequently, the Board's decision upholding Scott's dismissal was supported by the evidence and was not arbitrary or capricious. We therefore affirm the superior court's decision denying the petition for a writ of mandate.

III

DISPOSITION

The judgment of the superior court is affirmed.  OCHSA's Board of Trustees shall recover their costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.