**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEMETRIA DeLARGE,

Plaintiff - Appellant,

v.

HAYWARD UNIFIED SCHOOL
DISTRICT; et al.,

Defendants - Appellees.

No. 11-16400

D.C. No. 3:10-cv-01000-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 15, 2013[**]

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

Demetria DeLarge appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging that she was terminated from her

employment with the Hayward Unified School District in violation of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

constitutional rights and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed DeLarge's claim alleging that defendants retaliated against her in violation of her First Amendment rights because DeLarge did not allege that her speech involved a matter of public concern. *See Desrochers v. City of San Bernadino*, 572 F.3d 703, 708-10 (9th Cir. 2009) (to establish a First Amendment retaliation claim, plaintiff must show that she spoke on a matter of public concern; speech that concerns individual personnel disputes and grievances generally is not of public concern).

The district court properly dismissed DeLarge's substantive due process claim because DeLarge did not allege that defendants took any action that foreclosed access to her profession. *See Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007) (limiting substantive due process claims against government employers to actions that foreclose access to a particular profession).

The district court properly dismissed DeLarge's procedural due process claim because DeLarge alleged that she declined to participate in a pre-termination hearing. *See Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981) ("[W]here adequate administrative procedures exist, a person cannot state a

claim for denial of procedural rights when he has elected to forego a complete hearing.").

The district court properly dismissed DeLarge's claim under the California Whistleblower Protection Act because DeLarge did not allege that she exhausted administrative remedies before filing her claim. *See State Bd. of Chiropractic Exam'rs v. Superior Court of Sacramento Cnty.*, 201 P.3d 457, 460 (Cal. 2009) (describing exhaustion requirement of Cal. Gov't Code § 8547.8). We do not consider DeLarge's contention that the district court analyzed this claim under the wrong statutory provision because DeLarge did not raise any other provision below. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002) (declining to consider matters raised for the first time on appeal).

The district court did not abuse its discretion in dismissing without leave to amend because the deficiencies in DeLarge's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**