Filed 12/19/25

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ROCHELLE AMARO et al., | C102783 |
| Plaintiffs and Respondents, | (Super. Ct. No. 34-2022-00324700-CU-MC-GDS) |
| v. | |
| SHIRLEY N. WEBER, AS SECRETARY OF STATE, etc., | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Sacramento County, Peter K. Southworth, Judge. Reversed and remanded.

Rob Bonta, Attorney General, Thomas S. Patterson, Assistant Attorney General, Anthony R. Hakl and Jeffrey A. Rich, Deputy Attorneys General for Defendant and Appellant.

Law Offices of Mark A. Redmond and Mark A. Redmond; Salisbury Legal Corp. and Lawrence J. Salisbury for Plaintiffs and Respondents.


1

After petitioners[1] obtained a default judgment for over $8 million against two corporations (the corporations) for fraud and misrepresentation, they applied for restitution from the Victims of Corporate Fraud Compensation Fund (the fund) that is administered by the Secretary of State (the Secretary). The Secretary deemed the applications ineligible as resubmissions of previously denied applications.

---

[1] The petitioners are: Rochelle Amaro, Arthur Andalon, Kathleen Grasso Andersen, Sark and Armen Antaramian, Jess J. and Donna Marie Araujo, William E. Baker, George Beasley, Octavio and Lourdes Beltran, Manuel Bernstein, Allan and Rochelle Blair, Norman P. Briggs, Hasan Brown, Clara I. Bulla, Christian J. Burke, Winston C. Burns Sr., Raul Cardenas, Laurie G. Cardone, Glenda Cash, Chi S. Chang, Theresa Codilla, Joe L. Crain, E.A. and Carole Crawford, Bridget Cunningham, Fred De Ronda, Joe M. De Silva Jr., Luis and Myra Diaz, Fred M. and Maryellen G. Diaz, Thomas Doslak, Alan Dubin, The Gerald A. & Mary Helen Dye Family Trust, Raul Field Escandon, Caryl Fairfull, Ali Farvili, Omid Farvili, Perla Farvili, Naime Fatoorehchi, Antonio A. Ferrer, Pamela Franklin, Stanley Franklin, Willy Frei, David and Evelyn Garfinkle, Cornelius George, Giuliano Family Trust, Ruth Jean and Dinique Glover, The Haston Family Trust, Alice Hawkins, Cleophus Hawkins, Robert I. Hewlett, Marsha G. Hewlett, Shigeyaru Hiraiwa, Gerald D. Hoerner, Peggy A. Jasso, George Jerome, Leslie M. Kalman, Lawrence Katz, Ernest Kaufman, Edith S. Klaus, Carmen Knopke, Richard J. Koerner, Jeffrey Kozek, Donald and Petti Kruthaup, Michael Lam, Joseph Laroche Jr., Bruce and Sandra Latimer, John E. and Alice Lazor, Richard Leeds, Edward and Constance Lillie, Lillie Family Trust, Patricia Ungar and Philip Linseen, Philip Lobel, Nancy Lynn, Donald Macri, Joyce and Robert Marcarelli, Fernando L. Marcolino, Don Marshall, Anton Martin, Harald G. Martin, Vito Mastro, John and Roberta McDowall, Robert McGraw, Sally Mikkelson, Felix Mille, Brenda Miller, Estate of Barbara Jean Miller, Donald Miller, Jane Miller, Stephen Miller, Thomas Albert Miller, Dolores and Rod Mobasher, Joel Nathaniel, Greg Nicholson, Terrence W. Novatt, Chatur Patel, Leena Parekh, Nihar Parekh, Peters Revocable Trust, Thomas Peterson, Anne Petranove-McGraw, William Pratt, Charles Radke, Hughey Ray, Georgette and Merle Robboy, Amador and Maryellen Rodriguez, Shirley Rothman as Trustee of the Shirley Rothman Revocable Living Trust, Jerry and Marge Russ, Dennie Samuels, Sandoval Revocable Living Trust, Judy Sandoval, Arnold Schoenfeld, Barbara Siersma, Allyn B. and Ursula H. Simmons, Gerry Stein, Lisa Stein, Julie and Mike Sulman, Andrew and Kristen Tanner, David Tegen, Chet Thomas, Charles Torigian, Michael Tsao, Richard and Ricki Ungar, Robert Vangelder, Arti and Hari Vaswani, Carl and Olga Vienna, A. Larry Winnick, and Ralph E. and Maryanna Worthing.

Petitioners then filed a verified petition in the trial court for an order directing payment from the fund. The trial court rejected the Secretary's argument that the court lacked jurisdiction to consider the petition and granted it after concluding the Secretary waived any other objections to the applications.

The Secretary appeals. She challenges the trial court's jurisdiction and waiver conclusions. She also contends that petitioners are not entitled to payments from the fund because they did not meet their burden of proof in the applications and the complaint underlying the default judgment suffered from various defects.

We conclude (1) the trial court had jurisdiction to review the Secretary's resubmission determination; (2) the resubmission determination must be set aside; and (3) the Secretary did not waive her other objections to the applications. We reverse the trial court's order and remand to the Secretary to reconsider the applications. We further conclude the Secretary cannot reassert her resubmission determination or reject the applications based on a purportedly facial defect in the underlying complaint. We also correct the Secretary's understanding of petitioners' burden of proof.

Undesignated statutory references are to the Corporations Code.

FACTUAL AND PROCEDURAL BACKGROUND

In 2020, petitioners filed a complaint against the corporations. According to the complaint, the corporations were involved in a Ponzi scheme that defrauded investors of millions of dollars and the corporation presidents either pled or were found guilty of multiple counts of criminal fraud. The presidents were ordered to pay over $9 million in restitution to victims who had invested in a particular scheme. But the restitution order did not cover losses from other fraudulent schemes that the corporations perpetrated. Through the complaint, petitioners sought to recover those other losses. The complaint asserted a single cause of action for fraud and misrepresentation.

Petitioners requested entry of default and then default judgment. In support of the judgment, their attorney filed a declaration describing the corporations' actions leading

3

up to the criminal restitution order and the extent of the restitution order. The court entered default in September 2020 as to one corporation and May 2021 as to the other corporation, followed by a default judgment in August 2021 (the 2021 judgment). The 2021 judgment made the corporations jointly and severally liable to petitioners for over $8 million.

A few months later, petitioners submitted applications to the Secretary for payment from the fund based on the 2021 judgment. In support, they submitted the judgment, the complaint, the requests for entry of default and default judgment, and the attorney declaration.

The Secretary sent a response to petitioners asserting that (1) the applications appeared to be "resubmissions of applications involving the same claimants, judgment debtor, facts and circumstances that were previously denied," and (2) the Secretary was required to give conclusive effect to the previous denials, making the applications "ineligible for review." Attached to the response was an exhibit listing claimant names, their assigned claim numbers, and the dates they were denied.

Six months later, petitioners filed a petition in the trial court under section 2287 for an order directing payment out of the fund. They alleged that the response should be deemed a denial entitled to de novo review and the denial was improper. In her answer, the Secretary made limited admissions and otherwise denied the allegations in the petition. She also asserted the following affirmative defenses: (1) petitioners failed to exhaust their administrative remedies; (2) petitioners had unclean hands; (3) petitioners' claims were unripe; and (4) the complaint was barred by the statute of limitations.

In their trial brief, petitioners argued that the applications "were not, in fact, 'denied' " because the Secretary refused to consider them. And by refusing to consider them, the Secretary waived the defenses she asserted in her answer. Even if the defenses were not waived, petitioners argued the court should disregard them for lack of evidence

4

in the record to support them. They argued that the 2021 judgment presented a valid cause of action for fraud that was not barred by the statute of limitations.

In her opposing brief, the Secretary argued that the court lacked jurisdiction to consider the petition because petitioners admitted their applications were never denied and a petition can be filed only after the Secretary has rendered a denial. The Secretary mentioned that a potential remedy might be remanding so she could consider the applications but then stated remand would be unnecessary because the applications had already been considered and denied. She added that because petitioners were relying on a default judgment, they had a higher burden of proof requiring them to offer competent evidence to prove all section 2282, subdivision (a) requirements. In the Secretary's view, petitioners did not meet that higher burden of proof because the attorney declaration offered in support of the applications was self-serving, not based on personal knowledge, lacked foundation, and concerned issues and parties not properly before the court. Petitioners also had not alleged the elements of a valid cause of action for fraud in the complaint and the cause of action they did allege was time-barred before it was filed.

In their reply brief, petitioners argued that the trial court had jurisdiction and should grant the petition because they complied with section 2282 and the Secretary waived her defenses. For the first time, they argued that the Secretary also could not assert the statute of limitations defense because it was a personal privilege that needed to be asserted by the corporations after the complaint was filed.

The trial court concluded that the response was intended to provide notice that the applications were being denied. For that reason, the court deemed the response a denial that entitled the petitioners to de novo review of the merits of the applications. Because the response did not include the prior applications or any materials regarding the Secretary's processing of those applications, the court could not determine whether the Secretary was correct that the applications were resubmissions.

5

The trial court rejected the Secretary's argument that petitioners did not present a valid claim. According to the trial court, the Secretary had the opportunity to request additional information to determine whether petitioners' claim was valid but never took that opportunity. As a result, the Secretary waived any argument that the materials submitted in support of the applications were insufficient. The trial court did not address petitioners' reply argument that the statute of limitations defense is a personal privilege.

The trial court also rejected the Secretary's contention that the complaint failed to properly allege a cause of action for intentional fraud against the corporations. According to the court, the pertinent issue was whether petitioners had a valid cause of action within the purview of section 2282, not whether they sufficiently pled a cause of action in the complaint. Had the corporations challenged the complaint, petitioners would have had the opportunity to cure any defects by amending their pleading. Allowing the Secretary to challenge the sufficiency of the underlying complaint would deny petitioners the usual protections for responding to challenges to the pleadings.

The trial court granted the petition, ordering the Secretary to make payment out of the fund to petitioners in the amounts stated in the petition and underlying judgment, subject to the limits of section 2289.

The Secretary timely appeals.

## DISCUSSION

The Secretary contends the trial court erred by (1) exercising jurisdiction over the petition and (2) concluding that she waived her objections to the petition. Because these contentions present questions of law, we apply de novo review. (*Alves v. Weber* (2025) 111 Cal.App.5th 99, 108-109.) We begin with the statutory scheme governing the fund.

## I

### *The Fund*

The fund was created for the "sole purpose of providing restitution to the victims of a corporate fraud." (§ 2280.) "The [f]und is sustained largely by corporate disclosure

6

fees, paid by each corporate entity when filing its annual statement of information." (*Alves, supra*, 111 Cal.App.5th at pp. 109-110.) When a person (the claimant) obtains a final judgment against a corporation based on the corporation's fraud, misrepresentation, or deceit, made with the intent to defraud, the claimant may, upon the judgment becoming final and after diligent collection efforts are made, file an application with the Secretary for payment from the fund. (§ 2282, subd. (a).) The claimant may also provide additional documentation that he or she believes may help the Secretary in evaluating the application. (§ 2282, subd. (c)(5).) If the final judgment in favor of the claimant was by default, the Secretary may request additional documents and information from the claimant to determine whether the claim is valid. (§ 2282, subd. (d)(2).) If the Secretary determines that the application fails to comply with section 2282, the Secretary must mail an itemized list of deficiencies to the claimant. (§ 2283, subd. (a).) Once a completed application has been received, the Secretary must render a final written decision on the application within 90 calendar days. (§ 2284, subd. (a).)

If the Secretary denies an application, the claimant may file a verified petition in a trial court for an order directing payment out of the fund. (§ 2287, subd. (a).) The claimant is entitled to de novo review of the merits of the application as contained in the administrative record and has the "burden of proving compliance with the requirements of section 2282 by competent evidence." (§ 2287, subd. (d).) If the civil judgment in the underlying action on which the final judgment in favor of the claimant was by default, the claimant has the burden of proving that the cause of action against the corporation or its agent was for fraud, misrepresentation, or deceit. (§ 2288, subd. (b)(2).) The trial court must order payment out of the fund "only upon a determination that the aggrieved party has a valid cause of action within the purview of [s]ection 2282, and has complied with [s]ection 2287." (§ 2288, subd. (a).)

## II

### *Jurisdiction*

The Secretary contends the trial court lacked jurisdiction because she never issued a true denial under section 2287. We disagree.

The Secretary's contention largely hinges on binding petitioners to the argument petitioners made in their trial brief that the applications were not in fact denied. But the Secretary offers no legal basis for such binding. "Not every document filed by a party constitutes a pleading from which a judicial admission may be extracted." (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 746.) To be considered a judicial admission, a declaration or utterance must be one of fact and not a legal conclusion, contention, or argument. (*Eisen v. Tavangarian* (2019) 36 Cal.App.5th 626, 637.) "[S]tatements of counsel in argument are not deemed judicial admissions unless they have the formality of an admission or a stipulation." (*People v. Kiney* (2007) 151 Cal.App.4th 807, 815.) The Secretary does not explain how petitioners' trial brief argument constitutes a judicial admission nor do we create such an explanation. (See *DeNike v. Mathew Enterprise, Inc*. (2022) 76 Cal.App.5th 371, 388, fn. 11 [an appellate court is not required to make arguments for parties].)

The Secretary's contention also rests on the idea petitioners did not exhaust their administrative remedies. This contention is undermined by the Secretary's description of the status of the applications. As the Secretary describes it, "when [applications] are resubmissions of prior denied claims," she "does not consider the applications anew. Instead, a notice is sent to the claimant identifying the application as a resubmission of a prior denied claim and provides the claim number of that prior-denied claim. The Secretary takes no further action . . . on the claim and closes the file." This description establishes that the Secretary rejects applications she determines to be resubmissions. At that point, she closes the file, thus closing the door to further administrative review. (See *Hill RHF Housing Partners, L.P. v. City of Los Angeles* (2021) 12 Cal.5th 458, 477 [an

administrative remedy is exhausted upon termination of all available, nonduplicative administrative review procedures].)  There was no administrative remedy left for petitioners to exhaust.

Even if the applications were not denied for purposes of section 2287, we disagree with the Secretary's position that "judicial relief was simply unavailable" to petitioners. In that circumstance, the trial court should have treated the petition as seeking a writ of traditional mandamus, which is used to review adjudicatory decisions that do not require evidentiary hearings.  (See *Scott B. v. Board of Trustees of Orange County High School of the Arts* (2013) 217 Cal.App.4th 117, 122 [traditional mandamus is used to review adjudicatory decisions that do not require evidentiary hearings]; *Bollengier v. Doctors Medical Center* (1990) 222 Cal.App.3d 1115, 1125 [court can treat erroneous petition as seeking correct writ].)  Even applying the more deferential standard of review applicable to a traditional writ of mandate, the Secretary's determination must be set aside for lack of evidentiary support.  (See *Scott B.*, at p. 122 [we reverse an administrative decision if lacking evidentiary support].)  The list of denied claims attached to the response, without any detailed description of the denied claims or comparison between the denied claims and the applications, is insufficient to support the Secretary's conclusion that the applications were resubmissions of the denied claims.

### III

### *Waiver*

The Secretary contends the trial court erred by concluding that the Secretary "waived any argument that the materials submitted by petitioners in support of [their applications] are insufficient to demonstrate the validity of the claim."  We agree that the trial court erred.

In support of the trial court's ruling, petitioners rely on cases involving administrative hearings with opposing parties and hearing officers.  (See *Resource Defense Fund v. Local Agency Formation Com.* (1987) 191 Cal.App.3d 886, 890

9

[hearing before a Local Agency Formation Commission]; *California Employment Com. v. MacGregor* (1994) 64 Cal.App.2d 691, 692 [hearing before California Employment Commission]; *Moore v. City of Los Angeles* (2007) 156 Cal.App.4th 373, 376 [hearing before a board of rights].)  But no such administrative hearing occurred or was required here, and different rules apply in those circumstances.  (See, e.g., Gov. Code, § 11415.50 [when an administrative decision does not require an adjudicative proceeding, the agency may provide any appropriate procedure]; *City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 238 [when administrative hearing is not required, the trial court can develop essential facts]; *Alves, supra*, 111 Cal.App.5th at p. 115 [claim can be denied in certain circumstances without looking at the underlying facts].)  Because petitioners' authorities do not apply here, we find their waiver argument unpersuasive.

More to the point is *Aylward v. State Board of Chiropractic Examiners* (1948) 31 Cal.2d 833.  There, a licensing board revoked certain licenses after learning its examination process did not follow statutory procedures.  (*Id*. at p. 837.)  But the board did not provide a statutorily required hearing before canceling the licenses.  (*Id*. at p. 838.)  And the "charge that some of the applicants did not have the required educational qualifications was based on information contained in the board's files" that was not placed in evidence in the trial court.  (*Id*. at p. 840.)  The trial court ordered the board to annul the revocation and refrain from interfering with the applicants' rights to a license.  (*Id*. at p. 838.)  Our Supreme Court affirmed the annulment but concluded the trial court went too far in prohibiting the board from interfering further.  (*Id*. at pp. 841-842.)  According to the Court, the board did not exhaust its power "by doing an act which it had no power to do or by making a determination without sufficient evidence."  (*Id*. at p. 839.)  Instead, the determination was a nullity, and the board still had "unexercised power to proceed within its jurisdiction" and take action against the applicants on any proper ground.  (*Ibid*.; see also *English v. City of Long Beach* (1950) 35 Cal.2d 155, 159.)

10

Here, we similarly conclude the Secretary did not exhaust her power by denying the applications as resubmissions. We set aside the denial for lack of evidentiary support but conclude that the Secretary retains the power to consider the applications on their merits.[2]

As to those merits, the Secretary contends petitioners are not entitled to payment from the fund for three reasons: (1) the fraud cause of action in the complaint is facially defective; (2) the fraud cause of action in the complaint was barred by the statute of limitations; and (3) petitioners failed to meet their burden to prove entitlement to fund payments in the applications. Because we remand for the Secretary to reconsider the applications, there is no need to resolve the Secretary's contentions. But we provide three directions to the Secretary on remand.

First, the Secretary must identify any deficiencies in the applications and determine whether any additional information is needed to determine whether petitioners' claims are valid. (§§ 2282, subd. (d)(2); 2283.) Because we reject her resubmission determination, the Secretary cannot reassert that determination on remand.

Second, we agree with petitioners that the Secretary cannot reject their applications merely because the complaint was facially deficient or failed to state a cause of action for intentional fraud against the corporations. As the *Alves* court explained, the Legislature contemplated that the Secretary "would look beyond the causes of action as alleged in the civil complaint to the underlying facts of the case where needed." (*Alves, supra*, 111 Cal.App.5th at p. 114.) Based on the Secretary's concern with the causes of action as stated in the complaint, looking beyond those causes of action to the underlying facts is needed. But we do not address petitioners' contention that the Secretary may not assert a statute of limitations defense to the complaint that the corporations waived by

---

[2] We need not decide whether the Secretary has the power to summarily refuse to consider an application when the application's ineligibility is clear and cannot be remedied.

11

allowing default judgment. Petitioners failed to properly preserve this contention in the trial court, waiting until their trial reply brief to assert it; in fact, the trial court never addressed it. (See *Sandhu v. Board of Administration* (2025) 108 Cal.App.5th 1048, 1079-1080.) To the extent the Secretary pursues a statute of limitations defense when she reconsiders the applications, petitioners can argue the propriety of that defense on remand.

And third, we correct the Secretary's understanding of the burden imposed under section 2287, subdivision (d) and section 2288, subdivision (b)(1). Both provisions apply when a claimant files a petition in the trial court after the Secretary denies the claimant's application. (§§ 2287, 2288.) At that point, the claimant bears the burden of proving compliance with the requirements of section 2282. (§ 2287, subd. (d).) And if the application was based on a civil judgment obtained by default, the claimant has the burden of proving that the cause of action against the corporation was for fraud, misrepresentation, or deceit. (§ 2288, subdivision (b)(1).) The Secretary suggests these burdens arose the moment petitioners filed the applications. We disagree. Based on the plain language of sections 2287 and 2288, those affirmative burdens on petitioners do not arise until the trial court action. (*Alves, supra*, 111 Cal.App.5th at p. 113 [section 2288 applies to trial court proceedings following the Secretary's denial of an application, not the Secretary's initial adjudication of an application for relief from the fund].)

12

## DISPOSITION

The judgment is reversed, and the case is remanded to the Secretary.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

/s/_____
MESIWALA, J.

We concur:

/s/_____
HULL, Acting P. J.

/s/_____
RENNER, J.