[No. A134517. First Dist., Div. One. Dec. 12, 2012.]

JUDITH BJORNDAL, Petitioner, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
VAN A. PENA, Real Party in Interest.

COUNSEL

Kamala D. Harris, Attorney General, Alicia Fowler, Assistant Attorney General, Fiel Tigno and Terry Senne, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Law Offices of Lawrence J. King and Lawrence J. King for Real Party in Interest.

## OPINION

MARGULIES, J.—Defendant Judith Bjorndal filed this petition for a writ of mandate (petition) after the trial court overruled her demurrer to plaintiff Van A. Pena's amended complaint. Pena had originally sued Bjorndal in 2002 for retaliatory termination in essentially identical state and federal lawsuits. While the state lawsuit languished, Pena pursued the federal action for nearly 10 years, twice successfully appealing adverse judgments. Following the second federal reversal in 2011, he changed his strategy and filed an amended complaint in the state lawsuit, alleging a single cause of action under the California Whistleblower Protection Act, Government Code[1] section 8547 et seq. (Act).

Bjorndal filed a demurrer contending Pena's lawsuit was barred because he had not filed a timely administrative complaint, which is a statutory prerequisite to a civil action under the Act. The trial court overruled the demurrer, concluding the doctrine of equitable tolling excused Pena's failure to file the administrative complaint while he was litigating the federal action. Finding equitable tolling inapplicable in these circumstances to extend the deadline for pursuing an administrative remedy under the Act, we grant the writ of mandate and direct the trial court to sustain Bjorndal's demurrer.

## I. BACKGROUND

On April 9, 2002, Pena served a first amended complaint in this action alleging claims for "retaliation for opposing illegal activities" under title 42

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

United States Code section 1983 (hereafter section 1983), violation of "Plaintiff['s] . . . right to oppose . . . illegal activities" under the state Constitution and unspecified state statutes, and violation of Labor Code section 1102.5.[2] In essence, the first amended complaint alleged Pena, a former employee of the State Department of Developmental Services (Department), was fired from his job at the Sonoma Developmental Center (Center), a facility for care of the "severely handicapped," because he reported incidents of "patient abuse and gross negligence" at the Center. Bjorndal, the medical director of the Center, and several other state officials were joined as defendants. A few months later, in June, Pena filed a "Supplemental Complaint" in a federal lawsuit joining most of the same defendants and alleging the same three causes of action.[3]

The parties' litigation proceeded in federal, rather than state, court. In February 2004, the federal trial court entered an order granting in part defendants' motion for summary judgment. Within days, Pena settled with all defendants other than Bjorndal and dismissed them from the litigation. Pena then appealed the grant of summary judgment on his section 1983 claim against Bjorndal, but not the rulings on his other two causes of action against her. After a reversal and remand from the Ninth Circuit Court of Appeals, the section 1983 claim against Bjorndal proceeded to trial in federal court in 2009. Bjorndal was successful, but the judgment in her favor was reversed in a May 2011 appellate decision.[4]

Soon thereafter, in July 2011, Pena filed a second "first amended complaint" in the state action, which had apparently been slumbering for the prior nine years. The new first amended complaint, also based on Pena's experiences at the Center prior to his termination in 2001, joined the original defendants, contained considerably more detailed factual allegations, and pleaded a single cause of action, this time under the Act.[5]

Defendants filed a demurrer to the new first amended complaint, contending the action was barred as to all defendants other than Bjorndal by the prior

---

[2] We have not been provided with a copy of the initial complaint.

[3] We have not been provided with an earlier complaint in the federal lawsuit, which was apparently filed on October 31, 2000, prior to Pena's termination from the Center.

[4] Each party has filed a request for judicial notice with respect to certain filings and orders generated in connection with the federal proceedings. We grant these requests. (Evid. Code, § 452, subd. (d).)

[5] At oral argument, Pena's counsel explained he had not filed the claim earlier because of the "burdensome" nature of administrative procedures under the Act. Counsel said he reconsidered after the decision in "Arbuckle," presumably a reference to *State Bd. of Chiropractic Examiners v. Superior Court* (2009) 45 Cal.4th 963 [89 Cal.Rptr.3d 576, 201 P.3d 457], which held that a plaintiff under the Act is not bound by adverse findings made during the administrative process. (45 Cal.4th at p. 978.) Because of the nature of our holding, Pena's reason for delay is immaterial.

settlement and, as to all defendants, by Pena's failure to file a timely administrative complaint. As a prerequisite to any suit for damages under the Act by a state employee, section 8547.8 requires the employee to file a complaint with the State Personnel Board (Personnel Board) "within 12 months of the most recent act of reprisal complained about." (*Id.*, subd. (a); see *id.*, subd. (c).) As acknowledged in the new first amended complaint, Pena's claim with the Personnel Board was not filed until early 2011, over nine years too late. Opposing the demurrer, Pena contended the deadline for filing his administrative complaint had been stayed by the doctrine of equitable tolling while he pursued the federal lawsuit.

The trial court overruled the demurrer in an order filed December 13, 2011, accepting Pena's equitable tolling argument.[6] This petition followed. We entered an order directing the issuance of an alternative writ directing the superior court to set aside its order, noting Pena "failed to timely exhaust his administrative remedy." After the trial court failed to comply with the alternative writ, Pena filed a timely return.

## II. DISCUSSION

Bjorndal argues the doctrine of equitable tolling is inapplicable to remedy Pena's failure to file a timely administrative complaint under the Act because his claim constitutes a splitting of the cause of action. Pena reiterates his argument for equitable tolling and contends, in the alternative, his claim under the Act relates back to his original state filing. Because we find the doctrines of equitable tolling and relation back inapplicable to extend the time for filing an administrative complaint in these circumstances, we do not address Bjorndal's contention of claim-splitting.

On review from an order sustaining a demurrer, " 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose.' " (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42 [105 Cal.Rptr.3d 181, 224 P.3d 920].)

A. *Equitable Tolling*

██ As explained in the Supreme Court's most recent discussion of the doctrine, "[t]he equitable tolling of statutes of limitations is . . . 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits

---

[6] After the initial assigned trial judge issued a tentative ruling to sustain the demurrer, Pena filed a challenge under Code of Civil Procedure section 170.6. The demurrer was overruled by the next judge to be assigned.

when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.' [Citation.] . . . [¶] . . . [¶] Broadly speaking, the doctrine applies ' "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." ' [Citation.] Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason. [Citation.] [¶] . . . Tolling eases the pressure on parties 'concurrently to seek redress in two separate forums with the attendant danger of conflicting decisions on the same issue.' [Citations.] By alleviating the fear of claim forfeiture, it affords grievants the opportunity to pursue informal remedies, a process we have repeatedly encouraged. [Citations.] . . . Lastly, tolling benefits the court system by reducing the costs associated with a duplicative filing requirement, in many instances rendering later court proceedings either easier and cheaper to resolve or wholly unnecessary." (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99–100 [84 Cal.Rptr.3d 734, 194 P.3d 1026] (*McDonald*).) If otherwise appropriate, equitable tolling is available when there is timely notice and lack of prejudice to the defendant and reasonable and good faith conduct by the plaintiff. (*Addison v. State of California* (1978) 21 Cal.3d 313, 319 [146 Cal.Rptr. 224, 578 P.2d 941] (*Addison*).)

B.   *The California Whistleblower Protection Act*

■   The Act is designed to protect persons who disclose information about "improper governmental activity." (§ 8547.2, subd. (e); see *id.*, subd. (c).) A state official who uses his or her "authority or influence" to interfere with such disclosures is subject to "an action for civil damages brought . . . by the offended party." (§ 8547.3, subds. (a), (c).)

If an employee of the state is a victim of conduct prohibited by the Act, he or she may file a "written complaint with the State Personnel Board . . . within 12 months of the most recent act of reprisal complained about." (§ 8547.8, subd. (a).) Such a complaint is, in effect, a prerequisite to a suit for damages under section 8547.3, since "any action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the State Personnel Board pursuant to [section 8547.8] and the board has issued, or failed to issue, findings pursuant to Section 19683."[7]

---

[7] The full text of the relevant subdivisions of section 8547.8 is as follows: "(a) A state employee or applicant for state employment who files a written complaint with his or her supervisor, manager, or the appointing power alleging actual or attempted acts of reprisal, retaliation, threats, coercion, or similar improper acts prohibited by Section 8547.3, may also file a copy of the written complaint with the State Personnel Board, together with a sworn

(§ 8547.8, subd. (c).) Accordingly, a cause of action pleaded under section 8547.3 is subject to dismissal on demurrer for failure to exhaust administrative remedies if it fails to allege compliance with the requirements of section 8547.8. (*Hood v. Hacienda La Puente Unified School Dist.* (1998) 65 Cal.App.4th 435, 441 [76 Cal.Rptr.2d 448].)

■    Once a complaint has been filed under section 8547.8, the Personnel Board must undertake a "hearing or investigation" of the allegations within 10 working days and issue findings within 60 working days. (§ 19683, subd. (a).) If a violation is found, the Personnel Board "may order any appropriate relief, including, but not limited to, reinstatement, backpay, restoration of lost service credit, if appropriate, compensatory damages, and the expungement of any adverse records" of the complainant. (*Id.*, subd. (c).) Adverse action also can be taken against the violator, who has a right to his or her own hearing. (*Id.*, subds. (b), (d) & (e).) Once the Personnel Board has issued its findings, the complainant is not required to take any further administrative action prior to filing suit, and the board's findings are not binding in a later judicial proceeding. (*State Bd. of Chiropractic Examiners v. Superior Court, supra*, 45 Cal.4th at pp. 977–978.)

## C.  *Pena's Claim*

■    Before applying the law of equitable tolling to the present circumstances, it is important to clarify exactly what those circumstances are. Bjorndal does not challenge the application of equitable tolling to extend the statute of limitations for Pena's filing of a judicial claim under the Act. The cause of action contained in Pena's new first amended complaint appears to arise from the same general circumstances that gave rise to his federal lawsuit. Under well-established precedent, most notably *Addison, supra*, 21 Cal.3d 313, the filing of a federal lawsuit equitably tolls the statute of limitations for filing state claims based on "the same set of facts." (*Id.* at p. 319; see *Mojica v. 4311 Wilshire, LLC* (2005) 131 Cal.App.4th 1069, 1073 [31 Cal.Rptr.3d 887].)

---

statement that the contents of the written complaint are true, or are believed by the affiant to be true, under penalty of perjury. The complaint filed with the board, shall be filed within 12 months of the most recent act of reprisal complained about. [¶] . . . [¶] (c) In addition to all other penalties provided by law, any person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a state employee or applicant for state employment for having made a protected disclosure shall be liable in an action for damages brought against him or her by the injured party. Punitive damages may be awarded by the court where the acts of the offending party are proven to be malicious. Where liability has been established, the injured party shall also be entitled to reasonable attorney's fees as provided by law. However, any action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the State Personnel Board pursuant to subdivision (a), and the board has issued, or failed to issue, findings pursuant to Section 19683."

■ As discussed above, however, Pena was also required to demonstrate compliance with the administrative complaint requirements of section 8547.8. Because he admittedly failed to file a complaint with the Personnel Board until many years after expiration of the 12 months provided by section 8547.8, Pena was required to demonstrate tolling of the time for filing a complaint with the Personnel Board, in addition to tolling of the statute of limitations for his judicial claim. It is this administrative deadline, rather than the judicial statute of limitations, that is at issue here. For two reasons, we conclude the doctrine of equitable tolling cannot rescue Pena from his failure to meet the administrative deadline.

### 1. *Equitable Tolling Does Not Excuse the Failure to Pursue an Administrative Remedy in Favor of Litigation*

■ The trial court's application of the doctrine of equitable tolling in these circumstances was unprecedented; equitable tolling has never been applied to allow a plaintiff to extend the time for pursuing an administrative remedy by filing a lawsuit. Despite broad language used by courts in employing the doctrine, equitable tolling has been applied almost exclusively to extend statutory deadlines for judicial actions, rather than deadlines for commencing administrative proceedings. That is true of the primary authority cited by the trial court, *McDonald, supra*, 45 Cal.4th 88, which concerned tolling of the statute of limitations for filing a lawsuit under the California Fair Employment and Housing Act (§ 12900 et seq.), and it is true of the leading case finding equitable tolling on the basis of the filing of a federal lawsuit, *Addison*, which concerned a state lawsuit under the Tort Claims Act (§ 810 et seq.).[8] While the *Addison* court allowed tolling of the judicial statute of limitations for this lawsuit, it expressly noted the plaintiff had filed a timely governmental claim. (*Addison, supra*, 21 Cal.3d at p. 317.) Pena, in fact, does not cite a single case in which equitable tolling was applied to extend the time for complying with an administrative deadline.

We have found a small number of cases in which equitable tolling was applied to extend a deadline for complying with an administrative procedure, but in all of them one administrative deadline was tolled while the plaintiff

---

[8] At oral argument, Pena's counsel placed primary reliance on *McDonald*, arguing it authorized application of the doctrine of equitable tolling here. The plaintiff in *McDonald*, however, filed a *timely* complaint of racial discrimination with her employer, a state community college. (*McDonald, supra*, 45 Cal.4th at p. 97.) The issue before the court was whether the plaintiff's pursuit of this voluntary administrative process could toll the statute of limitations for the filing of her employment discrimination lawsuit. (*Id.* at p. 101.) *McDonald* did not purport to address the opposite situation, presented here: whether the timely filing of a lawsuit can toll the deadline for filing a mandatory administrative complaint.

pursued an alternative administrative remedy. (See *Barth v. Board of Pension Commissioners* (1983) 145 Cal.App.3d 826, 832 [193 Cal.Rptr. 755] [time for filing disability pension claim tolled while plaintiff pursued workers' compensation claim]; *Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 926 [191 Cal.Rptr. 681] [same]; *Baillargeon v. Department of Water & Power* (1977) 69 Cal.App.3d 670, 682–685 [138 Cal.Rptr. 338] [time for filing claim under § 911.2 tolled while plaintiff pursued workers' compensation claim].) This is consistent with the most common application of equitable tolling, which is to stay a statute of limitations while the plaintiff pursues an administrative remedy. (See *Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 476 [64 Cal.Rptr.3d 632] ["Equitable tolling has been most often applied when a plaintiff first files a claim with an administrative agency and later files a second proceeding in court after the limitations period has expired."].) We have found no decision in which the doctrine was applied in the manner Pena urges—to extend the time for complying with an administrative deadline while the plaintiff pursued a judicial remedy.[9]

There is a good reason for the absence of such authority. Allowing a plaintiff to toll the time for complying with an administrative claim procedure while pursuing a lawsuit, whether in state or federal court, would render the administrative remedy pointless. The typical administrative claim procedure, exemplified by sections 8547.8 and 19683, is intended as a precursor to an adversarial proceeding, ideally to render the judicial proceeding unnecessary. Section 19683, for example, requires the Personnel Board to conduct a hearing or investigate a plaintiff's complaint and, if it is found to have merit, to offer an appropriate remedy. This type of administrative claim procedure is a familiar feature of California law, favored because, in addition to providing notice to the affected agency, it allows the agency to evaluate its potential liability and resolve the matter amicably (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 279 [228 Cal.Rptr. 190, 721 P.2d 71]), thereby avoiding the expense of litigation (*California Restaurant Management Systems v. City of San Diego, supra,* 195 Cal.App.4th at p. 1591). If, as Pena contends, a plaintiff could file a lawsuit, litigate for an extended period of time, and only then file his or her administrative claim, any investigation by the administrative agency would long since have been superseded by the process of civil discovery, and the objective of resolving meritorious claims without the cost of litigation would be entirely frustrated. We decline to

---

[9] Similarly, in *California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581 [126 Cal.Rptr.3d 160], the court noted, "[T]he parties have cited no cases that have considered whether the pendency of a prior class action lawsuit can equitably toll *the time for filing a governmental claim.*" (*Id.* at p. 1596, fn. omitted.)

extend the doctrine of equitable tolling in a manner that would render moot an administrative remedy expressly created by the Legislature.[10]

### 2. The Legislature Intended a Timely Section 8547.8 Claim to Precede Litigation Under the Act

Application of equitable tolling is also precluded here because the text of section 8547.8 demonstrates the Legislature intended the timely filing of a complaint with the Personnel Board to be a prerequisite to, and to precede, the filing of litigation.

■ Although the doctrine of equitable tolling "operates independently of the literal wording of most statutes of limitations" (*McDonald, supra*, 45 Cal.4th at p. 105), it must be applied with sensitivity to the Legislature's intentions. In *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363 [2 Cal.Rptr.3d 655, 73 P.3d 517] (*Lantzy*), the Supreme Court considered whether equitable tolling could be used to extend the 10-year statute of limitations governing claims for latent construction defects, Code of Civil Procedure section 337.15, while the builder was attempting to make repairs. In considering the claim, the court noted, "The Legislature may preclude equitable tolling by stating its intention 'to disallow tolling under any circumstances not enumerated in the statute.' [Citations.] [¶] Moreover, equitable tolling should not apply if it is 'inconsistent with the text of the relevant statute' [citations] or contravenes clear legislative policy [citation]. [¶] 'As with other general equitable principles, application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.' " (*Lantzy*, at p. 371.)

The statute of limitations considered in *Lantzy*, Code of Civil Procedure section 337.15, provides, "No action may be brought to recover damages from any person . . . [with respect to] construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement . . . ." (*Id.*, subd. (a).) *Lantzy* concluded this "stentorian" language, read in light of several express statutory exemptions to the limitations period and the statute's purpose of limiting the time during which

---

[10] We note our decision is consistent with those holding that Code of Civil Procedure section 352, which tolls judicial statutes of limitations during periods of a plaintiff's minority, insanity, and imprisonment, does not toll various administrative deadlines. (E.g., *Artukovich v. Astendorf* (1942) 21 Cal.2d 329, 333–334 [131 P.2d 831] [no tolling of Tort Claims Act claim filing deadline]; *Balloon v. Superior Court* (1995) 39 Cal.App.4th 1116, 1120–1121 [46 Cal.Rptr.2d 161], superseded on other grounds by statute as stated in *McDonald, supra*, 45 Cal.4th 88, 110 [no tolling of time for filing employment discrimination administrative claim].)

contractors are exposed to liability, precluded the court from extending the limitations period for reasons not stated in the statute itself. (*Lantzy, supra*, 31 Cal.4th at pp. 373–378.)

In *JPMorgan Chase Bank, N.A. v. City and County of San Francisco* (2009) 174 Cal.App.4th 1201 [94 Cal.Rptr.3d 906] (*JPMorgan*), the court relied on *Lantzy* in refusing to apply the doctrine of equitable tolling to extend the appellant's time for filing an administrative claim for a tax refund. In that case, the appellant filed its claim some 10 years after payment of the taxes for which refund was sought, following many years of complex administrative and judicial proceedings.[11] When the appellant received no response to its claim, it filed suit. (*JPMorgan*, at pp. 1209, 1210.) The trial court found against the appellant on grounds, among others, that it had failed to file a timely claim for a refund under Revenue and Taxation Code sections 5097, subdivision (a)(2) and 5142, subdivision (a), which preclude the award of a tax refund unless an administrative claim has been filed within four years after the taxes were paid. (*JPMorgan* , at pp. 1209–1210.)

Rejecting the appellant's argument equitable tolling could be invoked to extend the four-year deadline during the pendency of the earlier proceedings, *JPMorgan* reasoned, "[Revenue and Taxation Code] section 5097, subdivision (a) provides, 'No order for a refund under this article shall be made . . .' except upon the timely filing of a refund claim, and section 5142, subdivision (a) provides, 'No action shall be commenced . . .' unless a claim for refund has been filed pursuant to section 5097. This language, similar to that in the statute considered in *Lantzy*, signifies an intent to restrict the doctrine of equitable tolling, which is consistent with the Legislature's plenary control over tax refunds and the necessity of strict compliance with the administrative refund procedures." (*JPMorgan, supra*, 174 Cal.App.4th at pp. 1213–1214.)

■ Section 8547.8 requires a state employee who is a victim of conduct prohibited by the Act to file a written complaint with the Personnel Board within 12 months of the events at issue (§ 8547.8, subd. (a)) and instructs, "any action for damages shall not be available to the injured party . . ." unless

---

[11] The procedural history in *JPMorgan* is byzantine, involving several entities over two decades, but as relevant here, a pension plan pursued lengthy administrative proceedings and litigation with respect to property tax assessments made in the 1980's and 1990's. The litigation was finally resolved in 2005, when the Court of Appeal concluded the pension plan lacked standing to seek a refund because it had not paid the taxes. The taxpayer with standing, which had actually paid the taxes, was the appellant in *JPMorgan*. (*JPMorgan, supra*, 174 Cal.App.4th at pp. 1208–1209.)

he or she has filed such a complaint (*id.*, subd. (c)). The Legislature could hardly have used stronger language to indicate its intent that compliance with the administrative procedure of sections 8547.8 and 19683 is to be regarded as a mandatory prerequisite to a suit for damages under the Act than to say a civil action is "not . . . available" to persons who have not complied with the procedure. While the specific wording of section 8547.8 is different from that of section 5097 of the Revenue and Taxation Code considered in *JPMorgan*, its import is the same. To apply the doctrine of equitable tolling to permit a lawsuit to proceed in the absence of such compliance would be " 'inconsistent with the text of the relevant statute' " and "contravene[] clear legislative policy," and is therefore precluded under *Lantzy*. (*Lantzy, supra*, 31 Cal.4th at p. 371.)

## D.   *Relation Back*

Pena alternatively contends the doctrine of relation back preserves his claims. In essence, "[t]he relation-back doctrine deems a later-filed pleading to have been filed at the time of an earlier complaint which met the applicable limitations period, thus avoiding the bar. In order for the relation-back doctrine to apply, 'the amended complaint must (1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one.' " (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1278 [45 Cal.Rptr.3d 222].)

For reasons similar to those outlined above, the doctrine of relation back fails to save Pena's claim under the Act. Relation back is used in the context of litigation to preserve causes of action joined by amendment of a complaint after expiration of the statute of limitations. While it might thereby excuse Pena's late filing of his cause of action in the new first amended complaint, it does not apply to the filing of an administrative claim. In any event, by preserving Pena's cause of action despite his failure to satisfy section 8547.8, its use here would violate the plain intent of the Legislature to require such compliance as a prerequisite to suit under the Act.

## III.   DISPOSITION

Let a peremptory writ of mandate issue commanding respondent, Sonoma County Superior Court, in *Pena v. Bjorndal* (Sonoma County Superior Court case No. SCV225398) to set aside its order filed December 13, 2011, overruling defendant's demurrer and to instead enter a new and different

order sustaining the demurrer without leave to amend. The stay previously imposed shall remain in effect until the remittitur issues. Petitioner shall recover costs.

Marchiano, P. J., and Banke, J., concurred.