Filed 10/22/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

**(Sacramento)**

----

| | |
|---|---|
| RUBY CORNEJO, | C070704 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2010-00078421-CU-OE-GDS) |
| v. | |
| WILL LIGHTBOURNE, as Director, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Robert C. Hight, Judge. Reversed with directions.

Lawrence J. King for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M.B. Fowler, Assistant Attorney General, Susan E. Slager and Austin Cattermole, Deputy Attorneys General, for Defendants and Respondents.

Plaintiff Ruby Cornejo filed this action for damages for violations of the

California Whistleblower Protection Act (WPA) (Gov. Code, § 8547 et seq.)[1] in May

---

[1] Undesignated statutory references are to the Government Code.

2010. She alleged that as a result of her reports starting in 1999 the practices and policies of the Department of Social Services (the Department) were " 'improper governmental activity' " (§ 8547.2, subd. (c)), and she experienced retaliation beginning in 2002. The Department[2] demurred on several grounds. The trial court agreed that plaintiff had failed to comply with the Government Claims Act (Claims Act)[3] because the Claims Act procedures for presenting claims (see §§ 900-915.4, 945.4) apply to actions under the WPA and—as plaintiff conceded—she had not filed a claim with the State of California before bringing suit (see § 905.2). The trial court also concluded the limitations period for actions subject to the claims presentation requirement had expired. The trial court did not reach the remainder of the grounds for defendant's demurrer. It entered a judgment of dismissal in favor of the Department, from which plaintiff appeals.

Analogizing to the California Fair Employment and Housing Act (FEHA),[4] plaintiff contends the WPA is not subject to the Claims Act because it has a comprehensive administrative procedure that satisfies the purposes of the presentation procedure in the Claims Act. We agree. We also conclude that the alternative grounds for the demurrer are without merit. We will therefore reverse the judgment and remand with directions to overrule the demurrer.

---

[2] Defendant Will Lightbourne is the Department's present director, whom we have substituted in the caption for the previous director (John Wagner) sued in his official capacity. Individual defendants Andy Ahpo, Diana Alfaro, Sophie Cabrera, Allyssa Erickson, Jo Fredericks, Bob Hing, Jeff Hiratsuka, Linda Patterson joined in the Department's demurrer. (We note the judgment of dismissal fails to include Andy Ahpo.) For purposes of this opinion, we do not need to identify them further, and will refer only to the Department as defendant.

[3] Section 810 et seq.

[4] Section 12900 et seq.

## FACTUAL AND PROCEDURAL BACKGROUND

The substance of the allegations underlying plaintiff's claims against the Department are not at issue on appeal. We therefore focus on the first amended complaint's allegations involving the procedural background and matters in the State Personnel Board (Board) administrative proceedings of which the trial court took judicial notice at the Department's request.

Plaintiff initially filed a civil action against the Department in 2000, in which she asserted racial and handicap discrimination and retaliation. In June 2001, the parties executed a settlement agreement in which plaintiff released all claims "arising from or in any reasonable way related to the disputes and controversies" at issue in the action in exchange for various forms of consideration from the Department.

Plaintiff filed administrative complaints with the Board in 2004, 2005, and 2006 alleging retaliation in violation of the WPA. (§ 8547.8, subd. (a).) Pursuant to Board regulations, the Board's executive officer issued a notice of findings at the conclusion of "protracted" investigations in which she neither sustained nor dismissed the first of these, instead referring the 2004 proceeding to a hearing officer for an evidentiary hearing (Cal. Code Regs., tit. 2, former § 56.2, subds. (g), (j), (k), (*l*), Register 2002, No. 33 (Aug. 14, 2002) (hereafter 2002 Regulations)).[5] The hearing officer consolidated the 2005 claim for hearing (§ 19683, subd. (a)), and also consolidated and stayed proceedings in the 2006 claim.

In a lengthy decision in November 2008, the hearing officer granted a motion to dismiss as to about half of the allegations in the first two administrative complaints. The hearing officer set the remainder for a further evidentiary hearing.

---

[5] As we later detail, the present regulations do not provide this option.

3

In December 2008, plaintiff entered into a settlement agreement in connection with a 2007 action she had filed against the Department, alleging disability discrimination, retaliation, and harassment. The settlement agreement provided: "By this Agreement, the Parties intend to settle the rights . . . and claims of the Parties from the [2007] Action and any related actions filed in state or federal courts or with administrative agencies. This release does not apply to and shall [not] have [any] effect on the matters currently pending before the [Board]" in the three administrative proceedings. "The Parties agree further that the settlement herein shall [not] have [any] effect upon the prosecution of [those complaints], in spite of certain factual allegations in this Action being the same or similar to factual allegations pl[ed] in . . . [that] administrative action. Plaintiff will not be prohibited from alleging same or similar factual allegations in [that administrative proceeding], and this Agreement will neither operate as issue preclusion nor res judicata [in that administrative proceeding]." With that caveat, plaintiff agreed to dismiss with prejudice all claims that were or could have been made in the 2007 action, and released all preexisting claims that might exist against the Department.

Plaintiff filed a fourth administrative complaint in July 2009 (and an amended version of it in September 2009). The Board's executive officer dismissed the complaint in September 2009 because it did not describe any specific retaliatory acts within the 12 months preceding its filing. (§ 8547.8, subd. (a); Cal. Code Regs., tit. 2, § 67.3, subd. (c)(1).)

At the same time, plaintiff requested that the Board also close her three other pending proceedings, because the decision in *State Bd. of Chiropractic Examiners v. Superior Court* (2009) 45 Cal.4th 963 (*Chiropractic Examiners*) had obviated her need to pursue administrative remedies beyond the executive officer's issuance of initial findings before pursuing independent judicial relief. The Board granted her request.

4

## DISCUSSION

### I. A WPA Action Is Not Subject to the Claims Act Presentation Procedure

Ordinarily, filing a claim with a public entity pursuant to the Claims Act is a jurisdictional element of any cause of action for damages against the public entity (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454; *Snipes v. City of Bakersfield* (1983) 145 Cal.App.3d 861, 865 (*Snipes*)) that must be satisfied *in addition to* the exhaustion of any administrative remedies (*Richards v. Department of Alcoholic Beverage Control* (2006) 139 Cal.App.4th 304, 315 [mere filing of claim does not satisfy need to exhaust remedy by applying for license before bringing suit]; see *Ortiz v. Lopez* (E.D. Cal. 2010) 688 F.Supp.2d 1072, 1079-1080; *Creighton v. City of Livingston* (E.D. Cal. 2009) 628 F.Supp.2d 1199, 1221-1222 [both holding that allegation of compliance with Claims Act insufficient without allegation of exhaustion of administrative remedy as well]).  There are certain types of claims in section 905 expressly exempted from the presentation requirement; otherwise, a court will infer[6] a legislative intent to excuse compliance only where a claim is based on a statutory scheme with a "functionally equivalent claims process" and a comparable scheme for administrative enforcement.  (*Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 763-764 [state civil rights actions lack such equivalency and are therefore not exempt from Claims Act; as a result, limitations period extended and action is timely]; accord, *Bates v. Franchise Tax Bd.* (2004) 124 Cal.App.4th 367, 373, 383-385 [agency's violations of restrictions on disseminating personal information; Information Practices Act of 1977 (Civ. Code, § 1798 et seq.) does not have an administrative mechanism for enforcement of its provisions, and nothing gives agency notice that damages might be

---

[6] For this reason, the Department's argument that neither the Claims Act nor the WPA provides an express exception from the Claims Act for a WPA claim is unavailing.

sought for noncompliance; thus failure to file claim bars action].)  Such exceptions to the presentation procedure are rarely found.  (*Gatto*, *supra*, 98 Cal.App.4th at p. 764.)

Other than a vintage decision of this court involving a somewhat obscure flood repair law (*County of Mendocino v. State of California* (1971) 22 Cal.App.3d 90, 94-95 [the Emergency Flood Relief Law is a "complete statutory scheme" for determining state reimbursement of claims for flood disaster repairs; thus requiring resort to Claims Act presentation process would be completely duplicative]), the only claims to date found exempt from the presentation requirement (for reasons other than federal supremacy) are those arising under the FEHA.  (*Garcia v. Los Angeles Unified School Dist.* (1985) 173 Cal.App.3d 701, 711-712 [FEHA promotes early investigation with opportunities for settlement, so equivalent of presentation requirement]; *Snipes*, *supra*, 145 Cal.App.3d at pp. 867-869 [FEHA promotes same objects as Claims Act:  It gives notice of charges to public agency, early opportunity to investigate, and promotes early settlement short of court litigation in an administrative forum].)  Plaintiff has argued both in the trial court and here that the WPA is at least as equivalent to the purposes and procedures of the Claims Act as the FEHA, if not more.  The trial court disagreed; it relied on the lack of any precedent other than in the FEHA context, and contrasted the WPA with the FEHA only with respect to the lack of any enforcement authority in the WPA itself.  We must then briefly sketch the scheme of the WPA.

*Braun v. Bureau of State Audits* (1998) 67 Cal.App.4th 1382 provides a précis of the WPA.  The act prohibits improper governmental activities, which include interference with or retaliation for reporting such activities.  The WPA is under the administration of the California State Auditor (hereafter State Auditor).  Upon receiving an allegation, the State Auditor makes an investigation (in the course of which the whistleblower's identity must remain confidential unless disclosure has been authorized).  The State Auditor is authorized to keep any information received during the investigation confidential as well.

6

The State Auditor makes a report on the results of the investigation to the head of the affected agency (and, if appropriate, to the Attorney General and the relevant legislative committee), but does not have any enforcement power.[7]  The State Auditor is authorized to release a substantiated report publically, but must keep the identity of individuals involved confidential.  (*Braun v. Bureau of State Audits,* at pp. 1385-1386, 1393.)  Thus, the State Auditor's function can be described as a grand jury with jurisdiction over state agencies.  (See *id.* at p. 1394.)  The WPA contains an exhaustion requirement of filing an administrative complaint with the Board within 12 months of an incident of retaliation before filing an action in court for general and punitive damages (in which legal fees are recoverable).  (§ 8547.8, subd. (c).)  The WPA directs *the Board* in processing the complaint to follow the procedures prescribed in section 19683 (part of the State Civil Service Act (§ 18500 et seq.)) for hearings or investigations "of a written complaint [for] . . . retaliation as prohibited by Section 8547.3" in which the Board may award reinstatement, back pay, restoration of lost service credit, and compensatory damages if appropriate in enforcing the WPA's protections.  (§ 19683, subds. (a), (c).)

The Board regulations prescribe a format for the content of the written complaint of retaliation.  (Cal. Code Regs., tit. 2, § 67.2.)[8]  Within 10 business days of its filing, the

_____

[7]  As a result, it is for the affected agency either to initiate an adverse action against any employee identified as violating the WPA, or give notice to the Board of its reasons for failing to do so.  (§ 8547.4.)  In certain circumstances, the State Auditor can also refer a report to enforcement agencies that have authority to investigate.  (§ 8547.7, subd. (b).)

[8]  As is pertinent, the complaint of retaliation must "identify the protected activity . . . , the date(s) [of any report of] improper governmental activity, and the person(s) to whom" it was reported; "the specific act(s) of . . . retaliation . . . and the entity and/or person(s) responsible"; contain a sworn verification of the facts; include the name and business address of the retaliators; specify "what relief and/or damages" are sought "and include an extra copy of the complaint and all accompanying documents for the [Board] to serve on each of the Respondents"; and, with respect to any individual respondent, "the complaint must clearly state the facts constituting the cause . . . for adverse action" to

7

Board's executive officer must either dismiss a complaint for jurisdictional or filing defects, refer it for investigation, or schedule an informal hearing before a hearing officer. (Cal. Code Regs., tit. 2, § 67.3, subds. (a), (c).) In either of the latter options, investigators (or hearing officers) have the authority to question witnesses, inspect documents, visit facilities, administer oaths, and compel the attendance of witnesses; the executive officer must issue findings on the result of any investigation, and has the options of adopting, modifying, or rejecting a hearing officer's findings (with the further options of either remanding for further proceedings or issuing independent findings on the existing record).[9] (Cal. Code Regs., tit. 2, §§ 67.4, 67.5.) The notice of findings, if adverse to the complainant, are deemed the final findings of the Board and inform the complainant that administrative remedies are now exhausted and judicial remedies may be pursued. (*Id*., § 67.6, subd. (b).) If the findings are adverse to a respondent, there is provision for further proceedings before the Board. (*Id*., § 67.6, subd. (d).)

As this summary shows,[10] when an employee files an administrative complaint with the Board, the WPA provides a public agency with early notice of the existence of the claimant, the facts underlying the claim, the theories of the claim, and the amount of

---

enable the preparation of a defense. (Cal. Code Regs., tit. 2, § 67.2, subds. (b)(1)-(5), (c).)

[9] In contrast with the 2002 Regulations, the executive officer does not have the option of directing further evidentiary proceedings in the initial findings.

[10] At oral argument, the Department suggested we cannot infer from *administrative* regulations a *legislative* intent to deem the Board's enforcement of the WPA to be a sufficiently comprehensive analogue to the Claims Act. However, the legislative grant of authority to the Board to enact such regulations prescribing a comprehensive procedure— rather than statutes prescribing a "bare bones" administrative procedure—properly makes the scope of the procedure they provide part of our divination of implied legislative intent in entrusting the Board with enforcement of the WPA. The Department has not attempted at any point to suggest that the Board has transcended its administrative role in enacting the regulations.

damages sought (including compensatory damages, if any). The WPA further provides early investigation of the merits of a claim (which *exceeds* the degree of evaluation made of a FEHA claim before the issuance of a right-to-sue letter), and the *Board* has the power to enforce a violation of the WPA (a point the trial court disregarded). Moreover, as noted in *Chiropractic Examiners*, *supra*, 45 Cal.4th at pages 976 to 977, the requirement of initial resort to the WPA's administrative remedy is "useful as a means of promoting settlement." (Accord, *Bjorndal v. Superior Court* (2012) 211 Cal.App.4th 1100, 1110 (*Bjorndal*) [WPA's administrative procedure is "favored because, in addition to providing notice to the affected agency, it allows the agency to evaluate its potential liability and resolve the matter amicably" and thus avoid need for and expense of litigation].) Consequently, we conclude that Board proceedings under the WPA fulfill every function of the presentation procedure of the Claims Act, allowing us to infer an exception to the Claims Act for this functionally equivalent claims process. The Department's conclusory assertion to the contrary is unavailing.

It is therefore immaterial, as the Department argues, that the State Auditor's investigations are deficient as compared with the Claims Act presentation procedure. Any plaintiff who wants to bring a civil action against a public entity of necessity must invoke the Board's WPA procedures. It is also immaterial that the provision authorizing the Board procedures is located in the State Civil Service Act (§ 18500 et seq.) rather than the WPA (§ 8547 et seq.). Even though the Department attempts to divine some significance from purported differences in purpose of the two acts, the WPA (and its provision of a civil remedy) had its genesis in the State Civil Service Act before the creation of the WPA in 1993, making retaliation against a whistleblower a ground for an adverse action against a violator (in addition to civil damages). (See *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 20, fn. 11.) It is further immaterial that proceedings before the state labor commissioner may be more extensive; first, we are not concerned here with Labor

Code administrative proceedings and, second, the Department does not provide any authority that addresses the sufficiency with which Labor Code proceedings might satisfy the purposes of the Claims Act. In short, the Department has failed to demonstrate any reason for requiring plaintiff to comply with the Claims Act in addition to exhausting her WPA administrative remedy.[11] The trial court consequently erred in sustaining the demurrer on this basis.

## II.  Other Grounds for Demurrer

The Department also renews the alternate grounds for its demurrer.  (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 966-967 (*Fuller*) [must determine if any other ground asserted in demurrer will support ruling, and may even consider new theory on appeal].)

### A.  *Effect of Settlement Agreements*

The Department contends plaintiff incorporates conduct in the present action that underlies the 2000 action (citing her allegations in several paragraphs involving protected conduct from 1999 to 2002).  As plaintiff pointed out in the trial court, she "does not, in this suit, make any claim preceding June 11, 2001," because she alleged the course of retaliation began in 2002.  Furthermore, the Department does not provide any authority

---

[11] A recent unanimously enacted bill (and its related legislative history) confirms our reading of legislative intent.  In addition to other provisions related to the WPA, Senate Bill No. 496, signed by the Governor on October 12, 2013, amended section 905.2 to add a new subdivision (which is effective Jan. 1, 2014, and therefore not directly applicable to the present case or any other pending WPA claims).  The new subdivision explicitly provides, "(h) This section shall not apply to claims made for a violation of the [WPA]." (Stats. 2013, ch. 781, § 1.)  The floor analyses of both chambers prepared in connection with the final votes confirm that this "[c]larifies existing law," explaining that the filing of a claim with the Board accomplishes the purposes of the Claims Act.  (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 496 (2013-2014 Reg. Sess.) Sept. 11, 2013, ¶ 2; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 496 (2013-2014 Reg. Sess.) as amended Sept. 6, 2013.)

under which a demurrer may be sustained as to *part* of a cause of action.  (*Fuller*, *supra*, 216 Cal.App.4th at pp. 967-968, fn. 8.)  This accordingly cannot be a basis on which to sustain the demurrer.

The Department also contends the December 2008 settlement agreement excepted only the WPA *administrative* proceedings and not any independent judicial action (see *Chiropractic Examiners*, *supra*, 45 Cal.4th at p. 973) for which they were the necessary prerequisite.  Plaintiff disputes that the 2008 settlement agreement can be interpreted in this fashion, and we agree that the language quoted earlier, on which the Department relies, is not so unambiguously susceptible of the Department's interpretation such that the Department can prevail as a matter of law on a demurrer.  We reject this argument as well.

### B.  The Limitations Period Has Not Expired

Citing section 945.6, the Department contends the six-month limitations period in the Claims Act, for bringing an action after the rejection of a *claim*, had expired by the time plaintiff filed this action after the dismissal of the administrative proceedings— citing the undisputed principle that this six-month limitations period must prevail over any other statutory limitations period.  (*Anson v. County of Merced* (1988) 202 Cal.App.3d 1195, 1202.)

The Department, however, disregards the express language of section 945.6, which limits its application to "a cause of action for which a claim is required to be presented."  (§ 945.6, subd. (a).)  We have determined that a WPA claim is *not* subject to the presentation process of the Claims Act.  The pertinent statute as a result is section 945.8, which states "a cause of action for which a claim is not required to be presented . . . must be commenced within the time prescribed by the statute of limitations that would be applicable if the action were brought against a defendant other than a public

11

entity." The Department has not identified any *other* limitations period that would render this action untimely, so we reject its argument.

### C.  *Untimely 2009 Administrative Complaint*

The timely filing of an administrative complaint is a prerequisite to a judicial action under the WPA.  (*Bjorndal*, *supra*, 211 Cal.App.4th at pp. 1112-1113 [must comply with 12-month limitations period for filing administrative complaint in order to bring judicial action under WPA; equitable tolling cannot apply]; cf. *Holland v. Union Pacific Railroad Co.* (2007) 154 Cal.App.4th 940, 945 [FEHA; equitable tolling can apply].)  Pointing to the findings of the executive officer in connection with plaintiff's 2009 administrative complaint, the Department contends plaintiff cannot premise liability on any conduct postdating her other three complaints because she did not timely file any administrative complaint.  Plaintiff asserts that the most recent of the acts of retaliation was within one year of her 2009 administrative complaint and therefore it was timely (presumably under the doctrine of continuing violation).

The Department ignores the principle that the administrative findings on the timeliness of the 2009 claim do not have any preclusive effect in an independent judicial action on a WPA claim (*Chiropractic Examiners*, *supra*, 45 Cal.4th at pp. 973, 976), and does not otherwise identify the basis for a conclusion that the 2009 claim was untimely.  However, even if the post-2006 acts were not the subject of a timely administrative complaint, a demurrer will not lie to a part of a cause of action.  (*Fuller*, *supra*, 216 Cal.App.4th at pp. 967-968, fn. 8.)  We accordingly reject this ground.

### D.  *Exhaustion and Issue Preclusion*

*Chiropractic Examiners*, *supra*, 45 Cal.4th 963, as noted above, determined *as a matter of legislative intent* in sections 8547.8 and 19683 that a WPA plaintiff may initiate an *independent* judicial action after the Board's executive officer issues initial findings on a submitted administrative complaint without needing to appeal the initial findings to the

12

Board, since the independent judicial action does not review the administrative action. (*Chiropractic Examiners*, at pp. 971-973.) On the same basis, it concluded the findings do not have preclusive effects because the Legislature did not specify in section 8547.8 that a WPA plaintiff must seek writ review of them before filing a judicial action. (*Chiropractic Examiners*, at p. 976.)

The Department points out that the executive officer issued her findings in 2004 that further evidentiary hearings were necessary, and plaintiff thereafter "voluntarily participate[d] in an evidentiary hearing." It contends this distinguishes *Chiropractic Examiners*, because a plaintiff should not be allowed to abandon ongoing administrative proceedings without exhausting them and proceed de novo in superior court. This is the classic distinction without a difference. The further participation in administrative proceedings does not have any bearing on the Supreme Court's rationale, which is premised on the absence of any *legislative* intent that a plaintiff exhaust the administrative remedy beyond the issuance of findings even if the 2002 Regulations contemplated further administrative proceedings. (*Chiropractic Examiner*, *supra*, 45 Cal.4th at p. 972 [rejecting argument that 2002 Regulations could add any additional steps to the administrative process].) Once the Supreme Court made this clear in 2009, plaintiff was entitled to abandon the unnecessary steps of the administrative process. Similarly, the Department's argument that this distinction gives preclusive effect to the November 2008 decision is equally unavailing, because it does not affect the rationale premised on the independent nature of the judicial action and the absence in section 8547.8 of any requirement of writ review of Board proceedings. Therefore, neither argument is a basis for sustaining the demurrer.

13

## DISPOSITION

The judgment of dismissal is reversed with direction to enter a new order overruling the Department's demurrer.  Plaintiff shall recover costs of appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)  (***CERTIFIED FOR PUBLICATION***)


                                                   _____BUTZ_____ , J.


We concur:


_____BLEASE_____ , Acting P. J.


_____HULL_____ , J.

14