Filed 4/29/14  Lew v. Dept. of Corrections and Rehabilitation CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SUSAN LEW, | C072304 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2010-00083294-CU-PO-GDS) |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., | |
| Defendants and Respondents. | |

Susan Lew, an employee of defendants Department of Corrections and Rehabilitation (DCR) and California Prison Health Care Services (CPHCS), filed this action for damages for violations of the California Whistleblower Protection Act (WPA). (Gov. Code, § 8547 et seq.)[1]  In the complaint, Lew alleged she had exhausted her administrative remedies under the WPA; but did not allege she had done so under the Government Claims Act (Claims Act).  (§ 810 et seq.)  The trial court granted

---

[1] Further undesignated statutory references are to the Government Code.

1

defendants' motion for judgment on the pleadings, on the ground that Lew did not comply with the Claims Act prior to filing the complaint, a point conceded by Lew.

On appeal, Lew contends the trial court erred in ruling that she was required to comply with the Claims Act, because the WPA provides its own scheme for exhaustion of administrative remedies. The People agree, conceding the issue in light of our recent holding in *Cornejo v. Lightbourne* (2013) 220 Cal.App.4th 932 (*Cornejo*). We agree with the parties and reverse the judgment.

## BACKGROUND

The substance of the allegations underlying Lew's claim against defendants DCR, CPHCS, and Director of Administrative Services for CPHCS, Mitzi Higashidani, are not at issue on appeal. For our purposes, it suffices to say that Lew filed her complaint for damages under the WPA in July 2010, alleging defendants retaliated against and demoted her after she purportedly participated in an investigation by the Bureau of State Audits into the purchase of equipment or services by CPHCS.

Lew filed a complaint with the California State Personnel Board (SPB) pursuant to section 8547.8 of the WPA in November 2009; the SPB subsequently issued its Notice of Findings. Lew's complaint alleged that she "has, therefore, exhausted all administrative remedies."

Defendants moved for judgment on the pleadings on the ground Lew was required to file a claim with the Victims Compensation and Government Claims Board as required by the Claims Act before filing her civil complaint and she failed to do so. Lew responded that her exhaustion of administrative remedies specified by the WPA was sufficient, and she was not required to also file a claim under the Claims Act.

The trial court granted defendants' motion for judgment on the pleadings, ruling that compliance with the Claims Act is mandatory, and a WPA claim is not exempt from compliance under the Claims Act. The court entered a judgment of dismissal in favor of defendants.

2

## DISCUSSION

"Ordinarily, filing a claim with a public entity pursuant to the Claims Act is a jurisdictional element of any cause of action for damages against the public entity [citations] that must be satisfied *in addition to* the exhaustion of any administrative remedies [citations]." (*Cornejo, supra*, 220 Cal.App.4th at p. 938.) Absent express exemption, we infer a legislative intent to excuse compliance "only where a claim is based on a statutory scheme with a 'functionally equivalent claim process' and a comparable scheme for administrative enforcement." (*Id.* at pp. 938-939.)

Recently, in *Cornejo*, we held that a WPA action is not subject to the Claims Act presentation procedure because the WPA has its own functionally equivalent claim process. (*Cornejo, supra*, 220 Cal.App.4th at pp. 940-941.) The People agree that our conclusion in *Cornejo* applies in this case and accordingly agree with Lew that the trial court erred in granting defendant's motion for judgment on the pleadings based solely on Lew's failure to comply with the Claims Act. Because we agree with the parties, we must reverse.

## DISPOSITION

The judgment of dismissal is reversed with direction to enter a new order denying defendants' motion for judgment on the pleadings. Lew shall recover her costs of appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2); *Cornejo, supra*, 220 Cal.App.4th at p. 945.)


                                                DUARTE , J.


We concur:


BLEASE , Acting P. J.


MURRAY , J.

3